# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JAMES D. CRUM**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD MATTHEW MCCLELLAN, | ) | |
| | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 29A05-1401-CR-7 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Paul Felix, Judge
Cause No. 29C01-1310-FA-008330

**July 28, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Chad McClellan ("McClellan") was convicted in Hamilton Circuit Court of Class C felony battery and Class B misdemeanor battery. McClellan appeals his Class C felony battery conviction and argues that the State failed to present sufficient evidence that the offense was committed by means of a deadly weapon.

We affirm.

**Facts and Procedural History**

Billy Burke ("Burke") is a manager and resident of Tall Timbers, a mobile home park in Noblesville, Indiana. During the early morning hours of October 6, 2013, Burke awoke when he heard tapping noises on the side of his trailer. Burke heard a man, later identified as McClellan, claim to have a water leak. Burke opened his front door but did not turn on any lights. Burke then opened his storm door, and McClellan lunged at Burke. McClellan hit Burke in the face with a metal pipe, which resulted in cuts to Burke's face and significant bleeding. See Ex. Vol., State's Exs. 2-4.

McClellan then knocked Burke to the floor of the mobile home, and Burke was briefly unconscious. When Burke regained consciousness, McClellan was on top of him. Burke felt the prongs of a stun gun on his left leg and saw flashing bright lights. McClellan threatened Burke telling Burke that "this was [his] last day." Tr. p. 106. Burke managed to pull himself out from underneath McClellan, and after a brief struggle, threw McClellan out onto the porch of the mobile home.

As McClellan ran away from Burke, Burke yelled to his neighbors to stop McClellan. Bystanders Erick Pulliam and a friend chased after McClellan. They found McClellan crouched behind a nearby trailer. McClellan hit Pulliam with the metal pipe

and tried to hit him with the stun gun. Pulliam knocked the stun gun out of McClellan's hand. Pulliam and his friend subdued McClellan until deputies from the Hamilton County Sheriff's Department arrived on the scene.

On October 7, 2013, McClellan was charged with two counts of Class C felony battery by means of a deadly weapon.[1] A jury trial commenced on December 2, 2013. After the State presented its case-in-chief, McClellan moved for a directed verdict. The trial court granted the motion in part and removed the deadly weapon element from the battery charge for the offense committed against Pulliam. The charge was reduced to a Class B misdemeanor.

The jury found McClellan guilty of Class C felony battery and Class B misdemeanor battery. At sentencing, the trial court ordered McClellan to serve concurrent terms of seven years with one year suspended to probation for the C felony battery and 180 days for the Class B misdemeanor battery. McClellan now appeals. Additional facts will be provided as necessary.

**Standard of Review**

When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Chappell v. State, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005)), trans. denied. Rather, we consider only the probative evidence supporting the

---

[1] McClellan was also charged with Class A felony burglary resulting in bodily injury and Class B felony armed robbery. After he was battered by McClellan, Burke returned to his home and discovered that nearly $10,000 in cash was missing. Burke's missing cash was never recovered. The jury found McClellan not guilty of the burglary and robbery charges.

conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the verdict will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

**Discussion and Decision**

McClellan concedes that the evidence was sufficient to prove that he battered Burke. McClellan argues only that the State failed to prove that he committed the offense "by means of a deadly weapon."[2]

A "deadly weapon" is:

(1) A loaded or unloaded firearm.
(2) A destructive device, weapon, device, taser (as defined in IC 35-47-8-3) or electronic stun weapon (as defined in IC 35-47-8-1), equipment, chemical substance, or other material that in the manner it:
    (A) is used;
    (B) could ordinarily be used; or
    (C) is intended to be used;
is readily capable of causing serious bodily injury.

Ind. Code § 35-31.5-2-86. And serious bodily injury is defined in pertinent part as bodily injury that causes serious permanent disfigurement, unconsciousness or extreme pain. See Ind. Code § 35-31.5-2-292.

The question of whether a weapon is "deadly" is determined from a description of the weapon, the manner of its use, and the circumstances of

---

[2] On October 7, 2013, the date McClellan was charged, Indiana Code section 35-42-2-1(a)(3) defined Class C felony battery as: "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, . . . a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon[.]" Our General Assembly revised Indiana's criminal code effective July 1, 2014.

the case. Whether an object is a deadly weapon based on these factors is a question of fact. The original purpose of the object is not considered. Rather, the manner in which the defendant actually used the object is examined. Also, it does not matter if actual injuries were sustained by the crime victim, provided the defendant had the apparent ability to injure the victim seriously through his use of the object during the crime.

Gleason v. State, 965 N.E.2d 702, 708 (Ind. Ct. App. 2012) (internal citations omitted).

In this case, McClellan used the stun gun on Burke's left leg, and Burke felt the electric shock. Tr. p. 106. McClellan also threatened Burke and said, "this was [Burke's] last day." Id. From this evidence, and the statutory definitions given as part of the final instructions, the jury could reasonably conclude that McClellan intended to use the stun gun to cause serious bodily injury to Burke. Cf. Buckner v. State, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) (concluding that the evidence was sufficient to establish that the stun gun used in the commission of the offense was a deadly weapon).

McClellan unpersuasively relies on Burke's lack of serious bodily injury from the stun gun, and Burke's statement that he did not fear McClellan's use of the stun gun[3] to support his claim that the stun gun is not a deadly weapon. The stun gun was admitted into evidence and displayed to the jury. Hamilton County Sheriff's Deputy Zachary Dodd explained that the stun gun had two metal probes, which "have to be contacted to the person to create a circuit." Tr. p. 54. Although the deputy could not determine the strength of the electric shock emitted from the stun gun, the stun gun was operational. Tr. pp. 54, 78. From this evidence, the statutory definitions given as part of the final instructions, and using its collective common sense, the jury could reasonably conclude

[3] See Tr. p. 106.

5

that McClellan committed battery by means of a deadly weapon, i.e. a stun gun that could ordinarily be used in a manner readily capable of causing serious bodily injury.

For all of these reasons, we affirm McClellan's Class C felony battery conviction.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.