**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMIE M. CURTSINGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  21A04-1312-CR-645 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FAYETTE SUPERIOR COURT
The Honorable Ronald T. Urdal, Judge
Cause No. 21D01-1304-CM-301

**September 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Jamie M. Curtsinger appeals her conviction for Intimidation,[1] a class A misdemeanor, arguing that the evidence is insufficient to support her conviction. Finding the evidence sufficient, we affirm.

FACTS

In November 2012, the Department of Child Services (DCS) got involved with Curtsinger after she engaged in a physical altercation with her sixteen-year-old daughter, S.C., causing S.C. to sustain bruising, swelling, and a concussion. The Family Case Manager assigned to the case was Kathy Hobson. Eventually, S.C. and Curtsinger's other children were found to be children in need of services (CHINS) and were removed from Curtsinger's care and custody. During the CHINS proceedings, Curtsinger and her family exhibited so much hostility toward Hobson and DCS that a state trooper needed to stand in the courtroom to ensure everyone's safety. On March 8, 2013, S.C. was permanently removed from Curtsinger's care.

On March 26, 2013, Hobson and her thirteen-year-old son encountered Curtsinger and her daughter, N.C., at a Walmart. Curtsinger and her daughter began screaming profanities at Hobson. Hobson filed a police report as a result of the incident.

On April 2, 2013, Curtsinger called DCS and left a voicemail message for Hobson. The case had since been transferred to another Family Case Manager, Ann Maria Lankford, and Curtsinger left the voicemail on Lankford's phone. Lankford testified that in the voicemail, Curtsinger threatened physical violence against Hobson, stated that she

---

[1] Ind. Code § 35-45-2-1(a)(2).

was going to harm Hobson, and asked how high bond would be set if she were arrested after physically assaulting Hobson. Curtsinger stated that it would take a significant amount of law enforcement to protect Hobson from Curtsinger. Lankford conveyed the message to Hobson, who filed a second police report.

On April 17, 2013, the State charged Curtsinger with class A misdemeanor intimidation. Following a November 1, 2013, bench trial, the court found Curtsinger guilty as charged. On December 17, 2013, the trial court sentenced Curtsinger to one year, fully suspended to probation. Curtsinger now appeals.

## DISCUSSION AND DECISION

Curtsinger argues that the evidence is insufficient to support her conviction. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. McClellan v. State, 13 N.E.3d 546, 548 (Ind. Ct. App. 2014). Instead, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty beyond a reasonable doubt, then the verdict will not be disturbed. Id. To convict Curtsinger of class A misdemeanor intimidation, the State was required to prove beyond a reasonable doubt that she communicated a threat to Hobson with the intent that Hobson be placed in fear of retaliation for a prior lawful act. I.C. § 35-45-2-1(a)(2).

The sole issue on appeal is whether Curtsinger's voicemail constituted a threat. Whether a statement is a "threat" under Indiana law depends "on two necessary elements: that the speaker intend his communications to put his target in fear for their safety, and that the communications were likely to actually cause such a fear in a reasonable person similarly situated to the target." Brewington v. State, 7 N.E.3d 946, 964 (Ind. 2014).

The record reveals that Curtsinger left a voicemail for Hobson. Lankford testified that in this voicemail, Curtsinger threatened to physically harm Hobson. Curtsinger questioned how high bond would be set after she was arrested for assaulting Hobson. She also stated that it would take a significant amount of law enforcement to protect Hobson from Curtsinger. We find this evidence to be sufficient to establish that Curtsinger intended to place Hobson in fear for her safety.

In addition to the actual statements on the voicemail, Curtsinger and Hobson had been enmeshed in a CHINS proceeding that was so fraught with hostility from Curtsinger that a police trooper's presence was required in court. Moreover, the week before Curtsinger left the voicemail, she and her daughter screamed profanities at Hobson and her son while shopping, causing Hobson to file a police report. And Hobson was well aware that Curtsinger was capable of physical assault, given the incident that led to the CHINS case. Given the statements in the voicemail and the history between the parties, we find that the evidence sufficiently established that the voicemail would actually cause fear in a reasonable person similarly situated to Hobson. Curtsinger's arguments to the

4

contrary amount to a request that we reweigh the evidence and assess witness credibility, which we will not do.  In sum, we find the evidence sufficient to support the conviction.

The judgment of the trial court is affirmed.

RILEY, J., and KIRSCH, J., concur.