## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2015, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew J. Lessing,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 8, 2015

Court of Appeals Case No.
38A02-1407-CR-466

Appeal from the Jay Circuit Court.
The Honorable Brian D. Hutchison,
Judge.
Cause No. 38C01-1404-FB-10

**Baker, Judge.**

[1] Andrew J. Lessing appeals his convictions for class B felony Criminal Confinement[1] and class C felony Battery.[2] Lessing argues that the trial court erroneously admitted a recording of the victim's 911 call, that there is insufficient evidence supporting the convictions, and that the convictions violate double jeopardy principles. Finding no error, we affirm.

## Facts

[2] In April 2014, Lessing was in a romantic relationship with Hillary Wagner. Lessing and Wagner were living together at a Budget Inn near Portland. On April 4, 2014, Wagner and Lessing were in their room and began to argue. Lessing had a machete in his possession. At 3:47 a.m., Wagner called 911 but kept the phone in her pocket because she was afraid of Lessing. On the recording, Wagner can be heard repeatedly saying "please don't hurt me." Lessing tells Wagner, "if you go outside, you ain't coming back in," "if you leave, you're done," "I'm gonna kill you," "I'll chop your fucking head off," and "[i]f you don't go inside—the police tell me I'm going to jail, whenever I get out I will hurt you [and] your family." Tr. Ex. 1.

[3] Portland Police Officer Todd Wickey and Jay County Sheriff's Deputy Tony Lennartz responded to the 911 call. Officer Wickey was the first to arrive and found Wagner by the motel's front desk. Wagner, who was upset and crying,

---

[1] Ind. Code § 35-42-3-3. All citations to the criminal code are to the statutes that were in effect at the time these crimes were committed.

[2] I.C. § 35-42-2-1.

told Officer Wickey that Lessing had been swinging a knife and threatening her with it. She stated that Lessing had picked up the machete and swung it, striking her hand and her knee. Officer Wickey and Deputy Lennartz both observed cuts to her wrist and her knee. Officer Wickey also noticed a red mark on Wagner's neck.

[4] Officer Wickey and Deputy Lennartz then proceeded to the motel room, and Lessing gave them permission to enter. Lessing lay face-down on the bed, apparently intoxicated. The officers found a machete underneath the bed.

[5] Officer Wickey and Deputy Lennartz arrested Lessing. After that occurred, Wagner then refused to sign a battery affidavit and was unwilling to provide a written statement of what had happened. Wagner did tell the officers that during the altercation, she stepped out of the room, and Lessing then grabbed her by the hair and neck and pulled her back into the room. It was at that point that she called 911.

[6] On April 8, 2014, the State charged Lessing with class B felony criminal confinement and class C felony battery. Lessing's jury trial took place on May 28, 2014. At the trial, Lessing objected to the admission of the 911 call because its "insufficient quality" would cause the jury "to conjecture and fill in the blanks as to what's being said." Tr. p. 15-16. The trial court overruled the objection. Before playing the recording for the jury, the trial court gave the following limiting instruction:

> Ladies and gentlemen of the jury[,] portions of this audio recording are not—they're not easily understood. If you do not understand what's being said—if you can not determine what's being said do not engage in conjecture or supposition. Just listen to the parts that you know and the parts that you can understand okay.

*Id.* at 18-19. Officer Wickey, Deputy Lennartz, and Wagner testified at the trial. Wagner testified to a different version of events than what she had originally told the officers. She further testified that she was engaged to marry Lessing and did not want to see him get in trouble.

[7] The jury found Lessing guilty as charged. On June 24, 2014, the trial court sentenced Lessing to twelve years for confinement and to six years for battery, to be served concurrently. Lessing now appeals.

# Discussion and Decision

# I. Admission of 911 Call Recording

[8] Lessing argues that the trial court erred by admitting the 911 call into evidence. The admission of evidence is within the discretion of the trial court, and we will reverse only if the trial court's decision was clearly against the logic and effect of the facts and circumstances before it. *Lanham v. State*, 937 N.E.2d 419, 421-22 (Ind. Ct. App. 2010).

[9] The sole basis for Lessing's argument is the poor quality of the recording. He directs our attention to caselaw holding that the quality of an audio recording may be "so poor as to negate whatever probative value it might otherwise have had." *Lamar v. State*, 258 Ind. 504, 510, 282 N.E.2d 795, 799 (Ind. 1972).

[10] In this case, the trial court acknowledged that certain portions of the recording are unintelligible. It also, however, observed that there were multiple audible portions, noting that "much of the audible and comprehendible portions of the exhibit are relevant and material." Tr. p. 16; *see also Dearman v. State*, 743 N.E.2d 757, 762 (Ind. 2001) (holding that not every word spoken on a recording must be intelligible for it to be admissible); *Benavides v. State*, 808 N.E.2d 708, 711 (Ind. Ct. App. 2004) (holding that the recording as a whole must be "intelligible enough to be probative of the purpose for which it is being offered"). We see no basis to second-guess the trial court's conclusion that sufficient portions of this recording were intelligible enough to render it probative and admissible as a whole.

[11] Lessing also contends that "the context in which an allegedly threatening remark is made is critical in determining whether a person may be held criminally liable for such a statement," and argues that context is missing in this recording because of the inaudible portions. Appellant's Br. p. 8. In this case, the parties' tone of voice was more important than their precise words. The recording was relevant and probative because it revealed that Wagner was tearful and afraid, and Lessing was shouting in an angry tone. Thus, even though some of the parties' spoken words were unintelligible, the recording as a whole tended to show that Lessing was attacking Wagner rather than threatening to harm himself as Wagner claimed at trial.

[12] In any event, because Lessing had based his objection on a concern that the jurors would speculate about the content of the inaudible portions of the

recording, the trial court provided a limiting instruction that explicitly cautioned them not to do so. That instruction cured any unfair prejudice that may have otherwise been present. *See Pruitt v. State*, 622 N.E.2d 469, 473 (Ind. 1993) (holding that "[w]e must presume on appeal that the jury followed the instruction of the trial court and considered [the] evidence for that limited purpose only"). In sum, we find that the trial court did not abuse its discretion in admitting this evidence.

## II. Sufficiency of the Evidence

Next, Lessing argues that the evidence supporting his convictions is insufficient. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *McClellan v. State*, 13 N.E.3d 546, 548 (Ind. Ct. App. 2014), *trans. denied*. Instead, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty beyond a reasonable doubt, then the verdict will not be disturbed. *Id.*

## A. Criminal Confinement

To convict Lessing of class B felony criminal confinement, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally confined Wagner without her consent while armed with a deadly weapon. I.C. § 35-42-3-3. Lessing's sole argument on appeal is that the evidence was

insufficient to prove that Wagner was confined. To "confine" means "to substantially interfere with the liberty of a person." I.C. § 35-42-3-1.

[15]  The 911 recording reveals that Lessing repeatedly threatened Wagner with harm and demanded that she remain in the motel room. Specifically, he threatened her that "[i]f you leave, you're done" and "I'm gonna kill you." Tr. Ex. 1. At one point, he begins to count down from ten, demanding that Wagner "come inside" or be "done." *Id.* At another point, he told her that if she would not come back inside, he would hurt her and her family. *Id.* Wagner told Deputy Lennartz that she had left the motel room during the altercation but Lessing grabbed her by the hair and neck and pulled her back into the room. Officer Wickey observed a red mark on her neck, which was consistent with her contemporaneous description of what had occurred. We find that all of this evidence together supports a reasonable inference that Wagner was confined during the altercation. *See Spivey v. State*, 436 N.E.2d 61, 63 (Ind. 1982) (cautioning that "[t]he fact that the [victim could] break away from the confinement does not negate the determining factor that a jury could find, beyond a reasonable doubt, that a nonconsensual confinement took place").

[16]  Lessing focuses on Wagner's testimony at trial, which differed from what she told the officers at the scene. The jury, however, was free to discount this testimony and conclude that Wagner was an unreliable witness given her engagement to Lessing and her stated desire that he not get into trouble. Lessing's argument amounts to a request that we reweigh the evidence and reassess witness credibility, which we will not do. We find that the 911

recording and the testimony of Deputy Lannertz and Officer Wickey are sufficient to support Lessing's conviction for class B felony criminal confinement.

# B. Battery

Next, Lessing challenges the sufficiency of the evidence supporting his battery conviction. To convict Lessing of class C felony battery, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally touched Wagner in a rude, insolent, or angry manner by means of a deadly weapon. I.C. § 35-42-2-1(a)(3). The sole argument Lessing makes on appeal is that the evidence is insufficient to prove that he touched Lessing knowingly. A person engages in conduct knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b). A defendant's mental state is ordinarily a matter of circumstantial proof and may be "inferred from the defendant's conduct and the natural and usual sequence to which such conduct reasonably points." *Boling v. State*, 982 N.E.2d 1055, 1057 (Ind. Ct. App. 2013).

In this case, Wagner told Officer Wickey that Lessing had been swinging a knife and threatening her with it. She told Deputy Lennartz that Lessing had picked up the machete and swung it, striking her hand and knee. Both officers observed cuts to Wagner's wrist and knee.

Lessing swung a knife at Wagner while the two were engaged in a heated argument. The "natural and usual sequence to which such conduct reasonably

points" is that Lessing was aware of a high probability of touching Wagner with the knife. A reasonable jury could find based on this evidence that Lessing acted knowingly and, therefore, committed class C felony battery.

[20] Lessing again directs our attention to Wagner's testimony at trial in support of his contention that the evidence is insufficient. We note, again, that we will not reweigh evidence or assess witness credibility on appeal. Furthermore, to the extent that Wagner testified or told the officers that Lessing did not knowingly batter her, such testimony would have constituted an impermissible legal conclusion or opinion about Lessing's guilt or innocence. Ind. Evidence Rule 704(b) (providing that "[w]itnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case . . . ; or legal conclusions"). We find the evidence sufficient to support Lessing's battery conviction.

# III. Double Jeopardy

[21] Finally, Lessing argues that his convictions violate the prohibition against double jeopardy. Two or more offenses are the same offense in violation of Article 1, Section 14 of the Indiana Constitution if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E. 2d 32, 49 (Ind. 1999).

[22] Turning first to the elements of the offenses, we again note that to prove confinement, the State needed to show that Lessing knowingly or intentionally

confined Wagner without her consent while armed with a deadly weapon. I.C. § 35-42-3-3. To prove battery, the State needed to show that Lessing knowingly or intentionally touched Wagner in a rude, insolent, or angry manner by means of a deadly weapon. I.C. § 35-42-2-1(a)(3). The essential elements of class B felony confinement do not establish the essential elements of class C felony battery, and the reverse is also true. Therefore, the convictions do not run afoul of the statutory elements test.

[23] Turning next to the actual evidence test, we note that to prevail on this issue, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson*, 717 N.E.2d at 53. There is no double jeopardy violation where "the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008).

[24] The following evidence was used to prove that Lessing committed confinement:

- Lessing was brandishing a machete;
- Lessing repeatedly threatened Wagner with harm if she left the motel room;
- At one point, Wagner left the room, at which point Lessing grabbed her by the hair and neck and pulled her back into the room;
- Officer Wickey observed a red mark on Wagner's neck.

The following evidence was used to prove that Lessing committed battery:

- Lessing was brandishing a machete;
- Lessing was swinging the machete around;
- Lessing struck Wagner with the knife on her hand and knee;
- Officer Wickey and Deputy Lannertz both observed cuts on Wagner's hand and knee.

[25] While there is overlap between the evidence proving these two offenses, there is not a complete overlap. Specifically, evidence that Lessing was threatening Wagner if she left the room and then grabbed her to pull her back in the room, leaving a red mark, established confinement but not battery. And evidence that Lessing was swinging the machete around and struck Wagner with the machete, causing cuts to her hand and knee, established battery but not confinement.

[26] We find that there is not a reasonable possibility that the jury used the same facts to convict Lessing of the two offenses. Therefore, we find that these convictions do not violate the actual evidence test and, correspondingly, that there is no double jeopardy violation.

[27] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.