

ATTORNEY FOR APPELLANT

Paul Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leonard L. Suggs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 7, 2015

Court of Appeals Case No.
02A03-1412-CR-440

Appeal from the Allen Superior
Court.
The Honorable Wendy W. Davis,
Judge.
Cause No. 02D06-1408-F6-90

**Baker, Judge.**

[1] Leonard Suggs appeals his convictions for Domestic Battery,[1] a Level 6 felony, and Battery,[2] a Level 6 felony. Suggs contends that the evidence is insufficient to support his convictions. Finding sufficient evidence, we affirm.

## Facts

[2] On August 2, 2014, Suggs and his live-in girlfriend, Evelyn Garrett, attended a family reunion at a bowling alley in Allen County. Suggs and Garrett had lived together for about two years, sharing a bedroom and engaging in an intimate, romantic relationship. A large group of Suggs's family attended the reunion, including ten to twenty children under the age of sixteen. Vera Warren was in attendance. Warren's brother had been married to Suggs's aunt and Suggs had known Warren all his life, calling her "Auntie." Tr. p. 87.

[3] Suggs walked into the bowling alley with a beer can in his hand. At one point, a bowling alley employee observed Suggs yelling at Garrett. The employee and several family members intervened and attempted to remove Suggs from the bowling alley, but Suggs refused to leave.

[4] Suggs then threw a beer can at Garrett, but missed. After that, Suggs picked up a bowling ball and threw it at Garrett. The bowling ball grazed Garrett's head and hit Warren on the left side of her head, causing Warren to feel pain. Warren left the building and called 911. Suggs then jumped on Garrett and

---

[1] Ind. Code § 35-42-2-1.3.

[2] I.C. § 35-42-2-1.

pulled her by her hair down the stairs, causing Garrett to feel extreme pain that she described as a ten on a scale of zero to ten.

[5] Fort Wayne Police Officer Cameron Norris arrived at the bowling alley a short time later. Officer Norris spoke with Garrett and two of the children who had observed the altercation. The children were panicked as a result of what they had seen.

[6] On August 7, 2014, the State charged Suggs with Level 6 felony domestic battery and Level 6 felony battery. A jury trial was held on October 8, 2014, and the jury found Suggs guilty as charged. On December 1, 2014, the trial court sentenced Suggs to two years for each conviction, to be served consecutively, for an aggregate four-year term. Suggs now appeals.

# Discussion and Decision

[7] Suggs argues that the evidence is insufficient to support his convictions. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *McClellan v. State*, 13 N.E.3d 546, 548 (Ind. Ct. App. 2014), *trans. denied*. Instead, we consider only the probative evidence supporting the conviction and the reasonable inferences that may be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty beyond a reasonable doubt, then the verdict will not be disturbed. *Id.*

# A. Domestic Battery

To convict Suggs of Level 6 felony domestic battery, the State was required to prove the following facts beyond a reasonable doubt:

- Suggs is or was living as Garrett's spouse;
- Suggs knowingly or intentionally touched Garrett in a rude, insolent, or angry manner, resulting in bodily injury to Garrett; and
- Suggs committed the offense in the physical presence of a child less than sixteen years of age, knowing that the child was present and might be able to see or hear the offense.

I.C. § 35-42-2-1.3.  To determine whether a person is or was living as the spouse of another individual, the court must review a number of factors:

(1)     the duration of the relationship;

(2)     the frequency of contact;

(3)     the financial interdependence;

(4)     whether the two (2) individuals are raising children together;

(5)     whether the two (2) individuals have engaged in tasks directed toward maintaining a common household; and

(6)     other factors the court considers relevant.

I.C. § 35-42-2-1.3(c).

Suggs's sole argument with respect to this conviction is that the evidence is insufficient to establish that he was living as Garrett's spouse.[3]  In Suggs's view,

---

[3] Suggs introduces a new argument in his reply brief—a practice that is prohibited by Appellate Rule 46(C). He argues that any children that witnessed the assault must have been aware of the domestic relationship between the batterer and the victim.  There is no such requirement in the statute, and we decline to read one in.

the facts that they had been cohabitating for two years, sharing a bedroom, and engaging in an intimate relationship, are not enough to show that they were living as if spouses. We disagree.

[10] In *Williams v. State*, 798 N.E.2d 457 (Ind. Ct. App. 2003), this Court considered a very similar scenario. In *Williams*, the defendant and his girlfriend had been cohabitating and engaged in an ongoing romantic relationship. This Court concluded that those facts were enough to make the showing contemplated by the legislature when it enacted the domestic battery statute:

> This potential for greater punishment recognizes the legislature's particular concern with the impact and costs of domestic battery as opposed to battery in general. Common sense and practical experience inform us of the heightened passions that accompany intimate romantic relationships, whether physical or emotional, and the additional danger presented when a potential batterer and a victim live under the same roof. . . . The instant case . . . is precisely the situation envisioned by the domestic battery statute. The State presented evidence to show that Williams and [the victim] were involved in an ongoing romantic relationship and were cohabiting.

*Id.* at 461 (applying a former version of the domestic battery statute that contains identical language to the current statute regarding the required relationship between defendant and victim); *see also Bowling v. State*, 995 N.E.2d 715, 717 (Ind. Ct. App. 2013) (observing that "[w]e have held that the domestic

battery statute envisions a situation, among others, where individuals are (or were) involved in an ongoing relationship and cohabiting").[4]

[11]  In this case, as in *Williams*, it is undisputed that Suggs and Garrett were involved in an ongoing romantic relationship and had been cohabitating and sharing a bedroom for two years. This is precisely the type of factual scenario addressed by the domestic battery statute. Suggs's arguments to the contrary amount to a request that we reweigh the evidence—a request we decline. We find the evidence sufficient to support the jury's conclusion that Suggs and Garrett were living as if they were spouses and that Suggs was guilty of domestic battery beyond a reasonable doubt.

# B.  Battery

[12]  To convict Suggs of Level 6 felony battery, the State was required to prove beyond a reasonable doubt that he touched Warren in a rude, insolent, or angry manner; that Warren was a family or household member; and that Suggs committed the offense in the physical presence of a child less than sixteen years of age, knowing that the child was present and might be able to see or hear the offense. I.C. § 35-42-2-1.

---

[4] Suggs argues that to meet its burden under the domestic battery statute, the State should have to make the same showing that was historically required to prove a common law marriage. There is no such requirement in the statute, however, and we are neither able nor inclined to read one into the statute. This argument must fail.

[13]     Suggs's sole argument on appeal is that the evidence is insufficient to support a conclusion that Warren was his family or household member.  An individual is a "family or household member" of another person if the individual:

> (1)     is a current or former spouse of the other person;
>
> (2)     is dating or has dated the other person;
>
> (3)     is or was engaged in a sexual relationship with the other person;
>
> (4)     is related by blood or adoption to the other person;
>
> (5)     *is or was related by marriage to the other person*;
>
> (6)     has or previously had an established legal relationship:
>
>> (A)     as a guardian of the other person;
>>
>> (B)     as a ward of the other person;
>>
>> (C)     as a custodian of the other person;
>>
>> (D)     as a foster parent of the other person; or
>>
>> (E)     in a capacity with respect to the other person similar to those listed in clauses (A) through (D); or
>
> (7)     has a child in common with the other person.

Ind. Code § 35-31.5-2-128 (emphasis added).

[14]     In this case, Warren and Suggs were related because Suggs's aunt was married to Warren's brother.  While we acknowledge that this is an attenuated familial relationship, in looking at the many broad factors set forth by the legislature in defining "family or household member," it is apparent that the legislature intended this to be a far-reaching term.  In other words, the legislature attempted to capture as many types of familial and household relationships as possible, acknowledging that these types of relationships can arise even without a direct blood connection.

[15] Here, not only are Warren and Suggs related by the marriage[5] of Suggs's aunt and Warren's brother, but Suggs grew up knowing Warren and calling her "Auntie," tr. p. 87, and Warren was "family" enough that she attended the family reunion at which she was assaulted. Regardless how attenuated the familial connection is between Warren and Suggs, it exists, both by marriage and by practice. Under these circumstances, we find that a reasonable juror could infer from these facts that Warren is a family or household member of Suggs. In other words, the evidence is sufficient to support Suggs's conviction for Level 6 felony battery.

[16] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.

---

[5] Suggs seems to argue that the statutory definition of "family or household member" intends that the relationship between people who are related by marriage must not exceed one degree of separation. There is no such limitation in the statute, however, and we decline to read one in.