## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 07 2015, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Daniel J. Vanderpool
Vanderpool Law Firm, P.C.
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Darrin C. Martin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 7, 2015<br><br>Court of Appeals Case No.<br>85A02-1410-CR-743<br><br>Appeal from the Wabash Circuit Court.<br>The Honorable Robert R. McCallen, III, Judge.<br>Cause No. 85C01-1310-FA-854 |

**Baker, Judge.**

[1] Darrin Martin appeals his convictions for Dealing in Methamphetamine[1] as a class A and a class B felony. Martin argues that the trial court erroneously denied two motions to continue his jury trial and that the evidence is insufficient to support his class A felony conviction. He also contends that the sentences imposed by the trial court are inappropriate in light of the nature of the offenses and his character. Finding no error, we affirm.

## Facts

[2] On June 19, 2013, the Wabash County Police Department's Drug Task Force conducted a controlled buy of methamphetamine from Martin at his residence on Sinclair Street. A confidential informant (CI) working with the Drug Task Force purchased .19 grams of methamphetamine from Martin. There were children present in the house when the drug transaction occurred.

[3] The CI later learned that Martin had moved to a new residence on Holiday Street. On June 26, 2013, the Drug Task Force conducted a second controlled buy using the same CI, who purchased .35 grams of methamphetamine from Martin on that occasion. There were again children present in the home during this transaction.

[4] Wabash City Police Officer Matthew Rebholz measured the distance from the Holiday Park residence to the Wabash City Park, using two different routes to

---

[1] Ind. Code § 35-48-4-1.1.

two different destinations in the park. The first measurement showed a distance of 223 feet between Martin's residence and the park, and the second measurement showed a distance of 735 feet.

[5] On October 24, 2013, the State charged Martin with class B felony dealing in methamphetamine for the first controlled buy and with class A felony dealing in methamphetamine for the second controlled buy. A public defender was appointed to represent Martin and entered an appearance on November 25, 2013. Martin sought and received a continuance of his trial on February 28, 2014. In April 2014, Martin's public defender informed the trial court that Martin intended to hire private counsel. On May 5, 2014, Martin's public defender again sought and received a continuance of the trial, again indicating that Martin planned to hire private counsel. At that time, the trial court set Martin's trial for August 26, 2014.

[6] On July 21, 2014, Martin's public defender filed a motion to withdraw, which the trial court granted, and a private attorney entered an appearance on Martin's behalf. Martin's new attorney made an oral motion to continue the trial because he had just been retained. The State opposed the continuance and the trial court denied the motion. On August 15, 2014, Martin's attorney renewed the motion to continue, which the State again opposed and the trial court again denied.

[7] Martin's jury trial took place as scheduled on August 25, 2014, and on August 27, 2014, the jury found him guilty as charged. At the close of the September

22, 2014, sentencing hearing, the trial court sentenced Martin to eighteen years for the class B felony conviction and to thirty-eight years imprisonment for the class A felony conviction. The trial court suspended two years to probation and ordered that the sentences be served concurrently, for an aggregate thirty-six-year term. The trial court ordered that this sentence be served consecutive to a sentence Martin was serving for another cause. Martin now appeals.

# Discussion and Decision

## I. Denial of Motions to Continue

[8] First, Martin argues that the trial court erred by denying his July and August 2014 motions to continue the trial. When, as here, a party seeks a continuance not required by statute,[2] we review the court's decision for abuse of discretion. *Zanussi v. State*, 2 N.E.3d 731, 734 (Ind. Ct. App. 2013). An abuse of discretion occurs only where the trial court's ruling is clearly against the logic and effect of the facts and circumstances before it or the record demonstrates prejudice from the denial of the continuance. *Id.* Continuances to allow more time for preparation are generally disfavored in criminal cases. *Id.*

[9] In this case, Martin sought and received continuances in February and May 2014. His public defender informed the trial court in April that Martin intended to hire private counsel. Martin failed to do so, however, until July 2014, a mere

---

[2] Neither party argues that Martin's motions to continue were made pursuant to statute.

month before his scheduled jury trial. Our Supreme Court "has held a number of times that it is within a trial court's discretion to deny a last-minute continuance to hire new counsel." *Lewis v. State*, 730 N.E.2d 686, 689. The logical corollary to that holding is that it is also within a trial court's discretion to deny a continuance to an attorney who was not retained until the last minute. It was Martin's decision to delay the hiring of private counsel for months, until one month before his trial.[3] Consequently, we find no abuse of discretion on this basis.

[10] Likewise, Martin has failed to establish that he was prejudiced as a result of the denial of his motions to continue. While his attorney expressed concern about whether there was sufficient time to engage in discovery and prepare a defense, it is readily evident from the transcript that counsel was competent and zealous in his defense of Martin. Nearly all discovery was completed. Martin's only specific allegation of prejudice is that his attorney was unable to fully investigate the CI's criminal history for the purpose of impeachment. At trial, however, Martin's attorney presented evidence that the CI had a criminal history, which was sufficient to raise the issue in his defense. We find no prejudice in this regard. Under these circumstances, we find that the trial court did not abuse its discretion in denying the two last-minute motions to continue the trial.

---

[3] Martin has never argued that he did not have the financial ability to hire a private attorney.

# II. Sufficiency

[11] Next, Martin contends that the evidence supporting his conviction for class A felony dealing in methamphetamine is insufficient. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *McClellan v. State*, 13 N.E.3d 546, 548 (Ind. Ct. App. 2014), *trans. denied*. Instead, we consider only the probative evidence supporting the conviction and the reasonable inferences that may be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty beyond a reasonable doubt, then the verdict will not be disturbed. *Id.*

[12] To convict Martin of class A felony dealing in methamphetamine, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally delivered or financed the delivery of methamphetamine within 1,000 feet of a public park. I.C. § 35-48-4-1.1. Martin's sole argument on appeal is that the evidence is insufficient to establish that the park in question was a "public park" within the meaning of the statute.

[13] During the trial, the State requested that the trial court take judicial notice of the fact that the Wabash City Park is a public park. A sidebar discussion occurred, much of which was inaudible and unable to be transcribed. From what is available in the transcript, however, we infer that Martin's attorney had "no objection" to the request that the trial court take judicial notice, but was concerned about the eventual content of a jury instruction on the issue. The

trial court indicated that the issue of jury instructions could be addressed later. Subsequently, the following colloquy occurred in the jury's presence:

> State: At this time, the State would request that the court take judicial notice of the fact that the Wabash City Park is considered a public park, pursuant to [Indiana Evidence] Rule 201(a). It's a fact that is, I think, generally known in the territorial jurisdiction of Wabash County.
>
> Court: Uh, and I will note what we talked about up here on the bench. Did you want to add anything to that?
>
> Defense: No, Your Honor.
>
> Court: All right. Um, [my] background is that I've lived in Wabash all of my life, um, and had played ball at that particular park. I've also been city attorney for fourteen years and I've drafted ordinances related to that territorial area. So I will take judicial notice of the fact that the City Park, uh, that is the City Park if that is what was requested. Um, you should understand, ladies and gentlemen, this is a criminal [matter] though, and I'm going to instruct you that you're not required to accept as conclusive any fact that has been judicially noticed. Does that make sense? You can accept it or reject it as you choose.

Tr. p. 252-54.

[14] Martin's argument on this issue is somewhat difficult to discern. He does not contend that it was inappropriate for the trial court to take judicial notice of this fact. Instead, he appears to argue that because the trial court never said the phrase "public park," the evidence was insufficient to establish that the park was, in fact, a public park. It is readily apparent from the context of the sidebar discussion and the conversation in front of the jury, however, that the trial court

did, indeed, take judicial notice of this fact. We decline to require that certain "magic words" be said when a trial court takes judicial notice of a fact.

[15] Furthermore, final jury instruction number eight plainly states as follows: "*As you may recall, the Court took Judicial Notice that the park in question is a Public Park. You may, but are not required to, accept as conclusive any fact judicially noticed.*" Appellant's App. p. 121 (emphasis added). Consequently, it is even more apparent that the trial court intended to, and did, take judicial notice of this fact. The fact that the trial court took judicial notice that Wabash City Park is a public park is sufficient evidence from which a reasonable juror could conclude that it is, in fact, a public park.

[16] Martin appears to fold in a challenge to this jury instruction. He acknowledges that he failed to object to the instruction before the trial court and must establish fundamental error as a result. *Perez v. State*, 872 N.E.2d 208, 210 (Ind. Ct. App. 2007). Martin contends, first, that the instruction does not adequately reflect what the trial court actually took judicial notice of. We disagree, as already noted. Second, Martin argues that this instruction impermissibly instructed the jurors that they were required to find one of the elements of the offense to be conclusively proved based on the judicial notice. It could not be plainer, however, that the jurors were instructed in precisely the opposite—and correct—way. In other words, they were instructed that they were *not* required to accept any fact judicially noticed as conclusive. We find no error, much less fundamental error, in this regard. In sum, we find that the evidence is sufficient

to support a conclusion that the Wabash City Park is a public park and also to support Martin's conviction for class A felony dealing in methamphetamine.

## III.  Appropriateness of Sentence

[17]  Finally, Martin contends that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character.  Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ."  *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[18]  A person who is convicted of a class A felony faces a sentence of twenty to fifty years, with an advisory term of thirty years.  Ind. Code § 35-50-2-4.  Here, Martin was sentenced to thirty-eight years for his class A felony conviction.  A person who is convicted of a class B felony faces a sentence of six to twenty years imprisonment, with an advisory term of ten years.  I.C. § 35-50-2-5.  Martin received an eighteen-year term for his class B felony conviction.

[19]  As to the nature of the offenses, they were largely run-of-the-mill drug deals.  A significant fact that must be taken into account, however, is that on both

occasions, there were children present in Martin's home when he was dealing methamphetamine.

[20] As to Martin's character, we first note that he has not provided us with the Presentence Investigation Report on appeal. While we could find that he has waived his appropriateness argument as a result of his failure to provide us with an adequate record on appeal, we will attempt to address it with the record we have. *See Davis v. State*, 935 N.E.2d 1215, 1217 (Ind. Ct. App. 2010) (holding that it is a defendant's duty to present an adequate record clearly showing the alleged error, and a failure to do so waives the argument). At the least, it is evident from the record that Martin has a prior conviction for felony burglary, that he was on probation for domestic battery at the time he committed the present offenses, and that he used marijuana while on bond in this case, thereby violating the terms of his pretrial release. He was also serving a sentence in another cause at the time of sentencing in this case. Furthermore, we again note that Martin was dealing drugs in the presence of his children, indicating a basic disregard for their health, safety, and well-being. He also failed to express remorse for his actions. Given all of these facts, we find that the aggregate thirty-six-year term imposed by the trial court is not inappropriate in light of the nature of the offenses and his character.

[21] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.