## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 18 2015, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Horner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 18, 2015

Court of Appeals Case No. 71A03-1501-CR-10

Appeal from the St. Joseph Superior Court

The Honorable Elizabeth C. Hurley, Judge

Trial Court Cause No. 71D08-1408-F6-111

**Baker, Judge.**

[1] Robert Horner appeals his convictions for Battery,[1] a class A misdemeanor, and Intimidation,[2] a Level 6 felony. Horner argues that the evidence is insufficient to support the convictions. Finding the evidence sufficient, we affirm.

## Facts

[2] Around 1:30 a.m. on August 20, 2014, Horner and his friend and next-door neighbor, Michelle Stanton, returned to Stanton's residence after they had been out at a bar. Horner said that he was hungry, so Stanton left to get food. When she returned with nachos, Horner became upset because he wanted pizza. He threw the nachos at Stanton, left her residence, and entered his residence. Stanton followed Horner into his residence because she was confused by his anger.

[3] Horner and Stanton were arguing when Horner "swooped" her up and threw her onto his couch, knocking off her shoe. Tr. p. 107, 119. He pinned Stanton's arms underneath his legs, hit her repeatedly on the head, grabbed her around the neck, and told her to shut up. There was a hammer on the end table next to the couch. Horner said, "bitch, I'm going to hit you with this hammer and nobody is going to care if you live or die," reaching with his right hand to grab the hammer. *Id.* at 125. While Horner reached for the hammer, Stanton was able to free her left hand. She struck Horner with her hand, broke free, and

---

[1] Ind. Code § 35-42-2-1.

[2] Ind. Code § 35-45-2-1.

ran out of his apartment. Stanton ran to the nearby residence of a friend, who called the police.

[4] Mishawaka Police Corporal Randy Wisler responded to the call and spoke with Stanton about the altercation. Corporal Wisler observed that Stanton had red marks on her face and neck. Eventually, medics took Stanton to a hospital, where she was diagnosed with a concussion and a shattered ear drum.

[5] Corporal Wisler and other police officers knocked on Horner's door, identifying themselves as police officers. They observed a light being turned off upstairs, but no one answered the door. The officers called Horner's landlord, who let them into the residence. They found Horner in bed. Stanton's shoe was found in Horner's residence.

[6] On August 21, 2014, the State charged Horner with class A misdemeanor battery and Level 6 felony intimidation. Following a jury trial, the jury found Horner guilty as charged on November 7, 2014. On December 9, 2014, the trial court sentenced Horner to concurrent terms of twelve months for battery and two years for intimidation. Horner now appeals.

# Discussion and Decision

[7] Horner's sole argument on appeal is that the evidence is insufficient to support his convictions. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *McClellan v. State*, 13 N.E.3d 546, 548 (Ind. Ct. App. 2014), *trans. denied*. Instead, we consider only the probative evidence supporting the conviction and the

reasonable inferences that may be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty beyond a reasonable doubt, then the verdict will not be disturbed. *Id.*

# I. Battery

[8] To convict Horner of class A misdemeanor battery, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally touched Stanton in a rude, insolent, or angry manner, resulting in bodily injury to Stanton. I.C. § 35-45-2-1(c).

[9] At Horner's jury trial, Stanton testified that Horner had grabbed her, thrown her on his couch, grabbed her around the neck, and hit her repeatedly on the head and face. Her testimony was corroborated by Corporal Wisler, who observed redness on her face and around her neck, as well as by her later diagnoses of a concussion and a shattered eardrum. This evidence is sufficient to support Horner's battery conviction.

[10] Horner argues that Stanton's testimony is incredibly dubious. Under the incredible dubiosity rule, a court will impinge upon the jury's duty to assess witness credibility only "'where a *sole witness* presents inherently contradictory testimony which is equivocal or the result of coercion and there is a *complete lack of circumstantial evidence* of the appellant's guilt.'" *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015) (quoting *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994)) (emphases original to *Moore*).

In this case, in addition to Stanton, Corporal Wisler, Corporal Adam Northcutt, and the friend to whose house Stanton fled following the altercation all testified. Because Stanton was not the sole witness in this case, the incredible dubiosity rule does not apply. Even if it did, there is a wealth of circumstantial evidence of Horner's guilt, including Stanton's injuries, Stanton's shoe that was found in Horner's residence, and Horner's decision to turn off the light as though he were not home when the police officers knocked on his door. In any event, we do not find Stanton's testimony to be incredibly dubious, and decline to reverse on this basis.

## II. Intimidation

To convict Horner of Level 6 felony intimidation, the State was required to prove beyond a reasonable doubt that he communicated a threat to commit a forcible felony, with the intent that Stanton be placed in fear of retaliation for a prior lawful act. I.C. § 35-45-2-1(b)(1)(A).

The State presented evidence that Horner said to Stanton, "bitch, I'm going to hit you with this hammer and nobody is going to care if you live or die[.]" Tr. p. 125. This unquestionably constitutes a threat to commit a forcible felony—to hit Stanton with a hammer. Furthermore, a reasonable juror could infer from this evidence that Horner was threatening Stanton to place her in fear of a prior lawful act, which could be either her decision to purchase nachos instead of pizza, or her decision to discuss the basis for the anger he directed at her. We find this evidence suffices to support Horner's intimidation conviction.

[14] As with the battery conviction, we do not find that the incredible dubiosity rule applies to Stanton's testimony.[3]  Consequently, we find the evidence sufficient to support the intimidation conviction.

[15] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.

---

[3] Horner's only argument with respect to either conviction is that the incredible dubiosity rule applies to Stanton's testimony.  He makes no other arguments with respect to the intimidation charge.