## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 21 2015, 7:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clayton Labarr,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 21, 2015

Court of Appeals Case No.
49A04-1411-CR-523

Appeal from the Marion Superior Court.
The Honorable Shatrese Flowers, Judge Pro Tempore.
Cause No. 49G19-1407-CM-34952

**Baker, Judge.**

[1] Clayton Labarr appeals his conviction for Public Intoxication,[1] a class B misdemeanor. Labarr argues that there is insufficient evidence establishing that he was endangering his own life. Finding sufficient evidence, we affirm.

## Facts

[2] In the early morning hours of July 12, 2014, Indiana State Excise Police Officer Randy Weitzel was outside of Brothers Bar and Grill on Broad Ripple Avenue when he saw a taxicab minivan pull up to the curb. The taxi driver asked Officer Weitzel for help in removing two men, later identified as Labarr and his brother, Cory Labarr, from the taxi.

[3] Officer Weitzel approached the taxi and observed Labarr lying down on the floor of the van between two seats. Officer Weitzel poked Labarr in the leg and shook his foot, asking him to sit up and get out of the van, but Labarr was nonresponsive. To remove Labarr from the van, Officer Weitzel grabbed Labarr's wrist and forcibly pulled him out of the van. Labarr then stood for a "brief moment" as Officer Weitzel handcuffed him, but as the officer escorted Labarr to the curb, Labarr's legs went limp and he was unable to walk. Tr. p. 12, 15-16. Officer Weitzel noticed a strong odor of alcohol on Labarr's person and breath.

---

[1] Ind. Code § 7.1-5-1-3.

[4] As Officer Weitzel seated Labarr on the curb next to his brother, Labarr collapsed onto Cory's lap. Officer Weitzel called for an ambulance, and before the ambulance arrived, Labarr vomited into his brother's lap and onto the street. Labarr was unconscious during most of this time; although the officers were able to rouse him momentarily, he "never really came to[.]" *Id.* at 18. Labarr was taken to Eskenazi Hospital, where he spent part of the night before being transported to jail.

[5] On July 12, 2014, the State charged Labarr with class B misdemeanor public intoxication. Following a bench trial on October 16, 2014, the trial court found Labarr guilty as charged, sentencing him to 180 days, fully suspended, and ordered him to complete forty-eight hours of community service. Labarr now appeals.

## Discussion and Decision

[6] Labarr's sole argument on appeal is that the evidence is insufficient to support the conviction. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *McClellan v. State*, 13 N.E.3d 546, 548 (Ind. Ct. App. 2014), *trans. denied*. Instead, we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have drawn the conclusion that the defendant was guilty beyond a reasonable doubt, then the verdict will not be disturbed. *Id.*

[7] To convict Labarr of class B misdemeanor public intoxication, the State was required to prove beyond a reasonable doubt that he was in a public place, in a state of intoxication caused by alcohol use, and that he endangered his own life. I.C. § 7.1-5-1-3(a)(1). Labarr argues that there is insufficient evidence supporting the State's allegation that he endangered his own life.

[8] Our Supreme Court has explained that in public intoxication cases, as in all other cases, "when determining whether the elements of an offense are proven beyond a reasonable doubt, a fact-finder may consider both the evidence *and the resulting reasonable inferences*." *Thang v. State*, 10 N.E.3d 1256, 1260 (Ind. 2014) (emphasis original). In other words, inferences with respect to the elements of the public intoxication statute must "be based on supporting evidence of probative value." *Id.*

[9] Here, the record reveals that when Officer Weitzel first encountered Labarr, he was unconscious on the floor of a minivan. Not only was Labarr not wearing a seat belt, he was not even sitting in a seat. Throughout nearly the entire incident, Labarr was unconscious, nonresponsive, and unable to stand or walk. He did not display an awareness of his surroundings or interactions. He eventually passed out onto his brother and vomited into the street.

[10] We find that this evidence is sufficient to support a reasonable inference that Labarr endangered himself. He was transported in a minivan without a seat belt and without sitting in a seat. He was unconscious and, without the officer's assistance, would have been left on a public street near a busy bar in the middle

of the night. Labarr's state of intoxication left him vulnerable to injuries resulting from traffic accidents, falling down, and being victimized by passersby.

[11] Labarr directs our attention to two cases that he contends support his argument. We find both to be distinguishable. In *Sesay v. State*, the defendant's public intoxication conviction was overturned where he had been "standing peaceably several feet off the road beside a car that had been driven into a ditch." 5 N.E.3d 478, 486 (Ind. Ct. App. 2014), *trans. denied*. Sesay seemed unsteady on his feet but never fell over. In *Davis v. State*, the defendant was seen stumbling around outside in the common areas of an apartment complex, but there was no evidence that he had approached the busy roads outside of the complex. 13 N.E.3d 500, 504 (Ind. Ct. App. 2014). In the instant case, however, Labarr was unconscious throughout nearly all of the incident, which occurred directly on a busy road. Therefore, we find both *Sesay* and *Davis* inapposite.

[12] Based on the evidence in the record, the trial court could reasonably conclude beyond a reasonable doubt that Labarr was intoxicated in a public place while endangering his own life. We reject Labarr's claim of insufficient evidence.

[13] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.