## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 28 2015, 5:38 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andre L. Owens,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 28, 2015

Court of Appeals Case No.
49A05-1503-CR-98

Appeal from the Marion Superior
Court.
The Honorable Linda E. Brown,
Judge.
Cause No. 49G10-1410-CM-47496

**Garrard, Senior Judge**

[1]     Andre Owens appeals his conviction of trespass as a Class A misdemeanor.
Ind. Code § 35-43-2-2 (2014).  We affirm.

[2]     Owens presents one issue for our review, which we restate as:  whether the
State presented evidence sufficient to support his conviction of trespass.

[3]     The evidence most favorable to the judgment follows. On the evening of October 13, 2014, Owens entered Big Red Liquors and made a purchase. It was raining heavily, so Owens stayed inside the store until the rain subsided. Owens then exited the store but stood right in front of the door on the sidewalk outside the store. After a period of time, Dana Holmes, an employee of Big Red Liquors, asked Owens to move because he was blocking the door. Owens refused to move, so Holmes asked him to leave. Again, Owens refused her request. Holmes asked Owens to leave four or five times, but he still refused. At that point, Owens became verbally aggressive and suggested that Holmes call the police. Holmes did call the police, and an officer arrived and directed Owens to leave. Owens still refused to leave, and the officer arrested him. Owens was charged with trespass. At Owens' bench trial, Holmes testified that the sidewalk in front of the store is Big Red Liquors' property and privately owned. Owens testified that he does not own, rent or have any contractual interest in the property at that location. Owens was found guilty as charged. He was sentenced to 365 days with 361 days suspended, was given credit for four days, and was placed on probation for 361 days, to include sixty-four hours of community service. Owens now appeals his conviction.

[4]     Owens' sole argument on appeal is that the evidence is insufficient to support his conviction. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any

reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[5] To convict Owens of trespass, the State was required to prove beyond a reasonable doubt that he, not having a contractual interest in the property, knowingly or intentionally refused to leave the property of another person after having been asked to leave by the other person or that person's agent. *See* Ind. Code § 35-43-2-2(b)(2).

[6] Here the evidence reveals that Owens, who had no contractual interest in the property of Big Red Liquors and who was standing on its property, refused to leave when asked to do so numerous times by Holmes, an employee of Big Red Liquors. Based upon this evidence, the fact-finder could reasonably conclude beyond a reasonable doubt that Owens committed the offense of trespass.

[7] For the reasons stated, we conclude that this evidence is sufficient to sustain Owens' conviction of trespass.

[8] Affirmed.

[9] Riley, J., and Robb, J., concur.