## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 17 2016, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Ruth Ann Johnson
Marion County Public Defender Agency
Indianapolis, Indiana

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron Fowler,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 17, 2016

Court of Appeals Case No.
49A05-1506-CR-696

Appeal from the Marion Superior Court.
The Honorable Marcel A. Pratt, Jr., Judge.
Cause No. 49G13-1409-CM-42218

**Barteau, Senior Judge**

## Statement of the Case

Aaron Fowler appeals his conviction of operating a motor vehicle without ever receiving a license, a Class C misdemeanor. Ind. Code § 9-24-18-1 (2013). We affirm.

# Issues

Fowler presents two issues for our review, which we restate as:

I.     Whether the State presented sufficient evidence to support Fowler's conviction.

II.     Whether the trial court abused its discretion by admitting certain evidence at trial.

# Facts and Procedural History

On August 2, 2014, Officer Eltzroth was on patrol duty and observed that the vehicle in front of him had a crack in the windshield on the passenger side. Officer Eltzroth stopped the vehicle based on the damaged windshield, explained to the driver, who was identified as Fowler, the reason for stopping the vehicle, and asked for his driver's license. Fowler handed Officer Eltzroth an expired Indiana identification card. Officer Eltzroth returned to his vehicle and ran a check through the BMV, which showed that Fowler had never had a license to drive and that his driving status was currently suspended.

Based upon this incident, the State charged Fowler with operating a motor vehicle without ever receiving a license, a Class C misdemeanor, and driving while suspended, a Class A infraction. Ind. Code § 9-24-19-1 (2011). Following a bench trial, the infraction was dismissed, and Fowler was convicted of operating a motor vehicle without ever receiving a license and sentenced to sixty days, all suspended. This appeal ensued.

# Discussion and Decision

## I. Sufficiency of the Evidence

[5] Fowler first contends that the State failed to present sufficient evidence to support his conviction. Specifically, he argues that because his BMV record shows his driving status as suspended at the time of this offense, he must have had a driver's license at some point and, thus, cannot be found to have committed the offense of operating a vehicle without ever receiving a license.

[6] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[7] Indiana Code section 9-24-18-1(a) provides that a person who knowingly or intentionally operates a motor vehicle upon a highway and has never received a valid driving license commits a Class C misdemeanor. In addition, this statute mandates that the BMV, upon receiving a record of conviction of a charge of operating a motor vehicle while never having received a valid driver's license, prohibit the person from receiving a driver's license by placing a suspension of driving privileges on the person's record for a fixed period between ninety days

and two years. Ind. Code § 9-24-18-1(d). This statute also provides that the burden is on the defendant to prove by a preponderance of the evidence that he had been issued a driver's license or permit that was valid at the time of the offense. Ind. Code § 9-24-18-1(e).

[8] At trial, Officer Eltzroth testified that the BMV search on his in-car computer showed Fowler had never received a driver's license. In addition, Fowler's official BMV record was admitted as State's Exhibit 1. Exhibit 1 also establishes that Fowler has never been issued a driver's license. Under the heading "Credential Issuance," it clearly shows that the only credentials issued to Fowler have been identification cards.

[9] Exhibit 1 also indicates that Fowler's license status was suspended at the time of this offense as well as disclosing several other suspensions. Fowler argues that it can be inferred from these license suspensions that he had a driver's license at some point. He is incorrect. A license is not necessary for a suspension of driving privileges. *See* Ind. Code § 9-24-18-1(d) (directing BMV to place suspension of driving privileges on person's record when person is convicted of operating vehicle while *never having been licensed)*.

[10] Moreover, pursuant to Indiana Code § 9-24-18-1(e), Fowler had the burden of proving by a preponderance of the evidence that he had been issued a driver's license or permit that was valid at the time of this offense. Fowler presented no such evidence at trial. We conclude the State presented evidence sufficient to

sustain Fowler's conviction of operating a motor vehicle without ever receiving a license.

## II. Admission of Evidence

[11]    Fowler asserts that the trial court erred when it denied his motion to suppress the evidence of his driving record. Specifically, he maintains that because Officer Eltzroth had no basis to stop him, his rights under both the United States and Indiana Constitutions were violated, and the evidence obtained during the traffic stop was inadmissible.

[12]    Although he employs the term motion to suppress, Fowler did not challenge the admission of the evidence through a motion to suppress prior to trial, and he appeals following a completed trial. Therefore, the issue is simply whether the trial court abused its discretion by admitting the evidence at trial. *See Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005) (issue on appeal framed as whether trial court abused its discretion by admitting evidence at trial where defendant originally challenged admission of evidence by motion to suppress but appealed following completed trial), *trans. denied*.

[13]    To preserve for appeal a challenge to the admissibility of evidence, a defendant must make a contemporaneous objection when the evidence is introduced at trial. *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). Here, Fowler lodged no objection during Officer Eltzroth's testimony about the information he obtained when he ran a check of Fowler through the BMV during the traffic stop. The State then moved to admit Exhibit 1, Fowler's certified BMV record, and

Fowler objected to its admission. However, he objected based solely upon relevancy, and, on appeal, he argues Exhibit 1 is inadmissible because it was obtained by way of an improper traffic stop. A party may not object on one ground at trial and raise a different ground for error on appeal. *Fry v. State*, 25 N.E.3d 237, 246 (Ind. Ct. App. 2015), *trans. denied*.

[14] Further, the transcript shows that the only time Fowler mentions the inadmissibility of the evidence due to the allegedly improper traffic stop is in the argument he presented to the trial court in support of his Trial Rule 41(B) motion. However, this argument was presented to the trial court only after the State had presented all of its evidence and defense counsel had cross-examined Officer Eltzroth about the results of his BMV search. If this argument could be construed to be an objection to the evidence, it fails for untimeliness. *See Brown*, 929 N.E.2d at 207 (contemporaneous objection to evidence required to preserve error for appeal). Thus, Fowler's claim of error is waived because he failed to make a contemporaneous objection and because, when he did object, it was on a different basis of error than what he now raises on appeal.

[15] Nevertheless, a claim that has been waived by a defendant's failure to raise a contemporaneous objection can be reviewed on appeal if the reviewing court determines that fundamental error occurred. *Id.* The fundamental error doctrine is extremely narrow and applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Lehman v. State*, 926 N.E.2d 35, 38 (Ind. Ct. App. 2010), *trans. denied*.

The error claimed must either make a fair trial impossible or establish clearly blatant violations of basic and elementary principles of due process. This doctrine is available only in egregious circumstances. *Brown*, 929 N.E.2d at 207.

An error in ruling on a motion to exclude improperly seized evidence is not per se fundamental error. *Id.* Rather, our Supreme Court has stated that the fundamental error rule may be applicable to the improper admission of illegally seized evidence where there is a claim of fabrication of evidence, willful malfeasance on the part of the investigating officers, or that the evidence is not what it appears to be. *Id.* Here, Fowler neither asserts fundamental error nor any such allegations as those noted by our Supreme Court. Accordingly, we conclude Fowler has not demonstrated fundamental error.

## Conclusion

For the reasons stated, we conclude that the State presented sufficient evidence to support Fowler's conviction of operating a motor vehicle without ever receiving a license. In addition, we conclude that Fowler waived any error in the admission of evidence at trial by failing to contemporaneously object and that no fundamental error was demonstrated.

Affirmed.

May, J., and Altice, J., concur.