## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew F. Kite
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alicia T. Taylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 17, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2101<br><br>Appeal from the Brown Circuit Court<br><br>The Honorable Judith A. Stewart, Judge<br><br>The Honorable Frank M. Nardi, Magistrate/Judge Pro Tempore<br><br>Trial Court Cause No.<br>07C01-1608-CM-351 |

**Friedlander, Senior Judge.**

[1] Alicia T. Taylor appeals her conviction of possession of a controlled substance, a Class A misdemeanor,[1] alleging there is insufficient evidence to support her conviction. We affirm.

[2] On the evening of August 12, 2016, the Brown County Sheriff's Department received two calls regarding possible drug activity at a local campground, with specific mention of a white Ford Explorer. Deputy Joshua Stargell and Sergeant Southerland went to the area to observe. Deputy Stargell saw a white Ford Explorer with a female driver exit the campground area. Using the computer in his vehicle, the Deputy conducted a search of BMV records using the Explorer's license plate number and learned that the owner of the vehicle was Taylor and that her license was suspended. After confirming the information with dispatch, Deputy Stargell initiated a traffic stop.

[3] Once the Explorer was stopped, the Deputy approached the driver and confirmed that it was Taylor and that she knew her license was suspended. When asked, Taylor also confirmed that the Explorer was not insured. Deputy Stargell then determined the identity of Taylor's passenger, that he was not licensed to drive, and that he did not have any ownership interest in the Explorer. Based on these circumstances, the Deputy called a tow truck to tow the Explorer, and Sergeant Southerland performed a vehicle inventory. Prior to the search, Taylor was given the opportunity to remove any valuables from the

---

[1] Ind. Code § 35-48-4-7(a) (2014).

Explorer, and she retrieved her purse. When Deputy Stargell looked in Taylor's purse, he found a digital scale, which Taylor said she was holding for someone.

[4] During the vehicle inventory, Sergeant Southerland found two pills in cellophane wrap near the center console and another single pill on the passenger side floorboard. The two pills in cellophane were identified as acetaminophen/oxycodone, and the single pill was identified as alprazolam. Deputy Stargell asked Taylor if the pills belonged to her. Taylor replied that the pills were not hers and that she did not know to whom they belonged.

[5] The State charged Taylor with Count 1 possession of a controlled substance (oxycodone), a Class A misdemeanor;[2] Count 2 possession of a controlled substance (alprazolam), a Class A misdemeanor;[3] and Count 3 driving while suspended, a Class A misdemeanor.[4] Following a bench trial, Taylor was found guilty of Counts 1 and 3. The court sentenced Taylor to concurrent terms of 365 days in community corrections with all but ten days suspended and 355 days of probation. Taylor now appeals.

---

[2] Ind. Code § 35-48-4-7(a).

[3] *Id.*

[4] Ind. Code § 9-24-19-2 (2016).

[6] Taylor contends there is insufficient evidence to sustain her conviction of possession of oxycodone under the theory of constructive possession.[5] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015). Further, circumstantial evidence alone may support a conviction. *Green v. State*, 808 N.E.2d 137 (Ind. Ct. App. 2004).

[7] Possession of an item may be either actual or constructive. *Massey v. State*, 816 N.E.2d 979 (Ind. Ct. App. 2004). Because Taylor did not actually possess the oxycodone when it was found in the Explorer, the State was required to prove that she constructively possessed it. A person has constructive possession of an item when the person has both (1) the capability to maintain dominion and control over the item and (2) the intent to maintain dominion and control over the item. *Causey v. State*, 808 N.E.2d 139 (Ind. Ct. App. 2004).

[8] To establish the capability component, the State must demonstrate that the defendant was able to reduce the contraband to her personal possession. *Wilson*

---

[5] Taylor does not challenge her conviction of driving while suspended.

*v. State*, 966 N.E.2d 1259 (Ind. Ct. App. 2012), *trans. denied*. Here, Sergeant Southerland testified that he found the oxycodone in the area of the center console and that the driver of the Explorer would have been able to reach the cellophane package. *See Lampkins v. State*, 682 N.E.2d 1268 (Ind. 1997) (concluding capability element was established because contraband was within reach of defendant), *modified on reh'g*, 685 N.E.2d 698.

[9] Although the capability element is established because the package of oxycodone was within Taylor's reach, we additionally note that constructive possession of items found in an automobile may be imputed to the driver of the vehicle. *State v. Emry*, 753 N.E.2d 19 (Ind. Ct. App. 2001). Moreover, a trier of fact may infer that a defendant had the capability to maintain dominion and control over an item from the simple fact that the defendant had a possessory interest in the premises on which an officer found the item. *Gray v. State*, 957 N.E.2d 171 (Ind. 2011). This inference is permitted even when that possessory interest is not exclusive. *Id.* The evidence showed that Taylor was not only the driver of the Explorer but also the registered owner. Thus, Taylor had the capability to maintain dominion and control over the pills. Her argument on appeal focuses on whether she had the intent to do so.

[10] The intent component is proven by demonstrating the defendant's knowledge of the presence of the item. *Grim v. State*, 797 N.E.2d 825 (Ind. Ct. App. 2003). Such knowledge may be inferred from the exclusive dominion and control over the premises containing the item *Id.* If, however, control of the premises is non-exclusive, the inference of intent to maintain dominion and control over

the item must be supported by evidence of additional circumstances indicating the defendant's knowledge of the nature of the item and its presence. *Cannon v. State*, 99 N.E.3d 274 (Ind. Ct. App. 2018), *trans. denied*. These additional circumstances have been found to include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) location of substances like drugs in settings that suggest manufacturing; (4) proximity of the item to the defendant; (5) location of the item within the defendant's plain view; and (6) mingling of the item with other items owned by the defendant. *Id.*

[11] There is no dispute that Taylor had a possessory interest in the Explorer. Further evidence at trial supplied additional circumstances that, combined with Taylor's possessory interest in the Explorer, sufficiently establish her intent to maintain dominion and control over the oxycodone. The package containing the oxycodone was in the area of the center console of the Explorer in close proximity to Taylor and within her reach, in a vehicle she owned. Other items suggesting knowledge of drug activity are alprazolam, a controlled substance, found in plain view on the front seat passenger's floorboard of the vehicle owned by Taylor, and a digital scale in Taylor's purse.

[12] For the reasons stated, we conclude that the evidence established Taylor's capability to maintain dominion and control over the oxycodone and that it further supports a reasonable inference that Taylor had the intent to maintain dominion and control over the oxycodone. Therefore, there was sufficient evidence from which the factfinder could have found Taylor guilty beyond a reasonable doubt based on a theory of constructive possession.

[13]     Affirmed.

May, J., and Robb, J., concur.