## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2020, 7:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Maurell Maurice O'Neal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 3, 2020

Court of Appeals Case No.
19A-CR-1151

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1807-F5-136

**Friedlander, Senior Judge.**

[1] Maurell Maurice O'Neal appeals his conviction of aggravated battery as a Level 3 felony,[1] challenging the sufficiency of the evidence of his culpability. We affirm.

[2] In July 2018, the South Bend Police Department received a call from an alleged battery victim who was in her vehicle and was being pursued by a vehicle driven by the person who assaulted her. Officer Brittany Bayles conducted a traffic stop of the suspect, later identified as O'Neal, and the victim was instructed to go to the police department nearby. Bayles asked O'Neal twice before he followed her instruction to roll his window all the way down to talk with her. During this time, several officers arrived as back up. Bayles and another officer checked O'Neal's identification and the vehicle plates and found that the vehicle was not stolen and that O'Neal had no outstanding warrants.

[3] Officer Andrew Hines approached the vehicle to speak with O'Neal and smelled marijuana. Hines asked O'Neal several times to exit the vehicle, but O'Neal refused. Hines then reached into the vehicle through the driver's window in order to unlock the door and have O'Neal exit. As he opened the driver's door, Hines also reached into the vehicle to grab O'Neal's right hand in case he had a weapon. O'Neal put the vehicle in drive, accelerated, and began swerving toward Hines. As O'Neal swerved toward him, Hines jumped on the doorframe to avoid having his feet run over. O'Neal then began to accelerate while Hines continued to hold on. When it appeared that O'Neal was going to

---

[1] Ind. Code § 35-42-2-1.5 (2014).

collide with an oncoming vehicle, Hines released his hold and fell to the ground. Hines broke his arm as a result of the fall. Officer Bayles pursued O'Neal's vehicle but was unable to apprehend him. O'Neal turned himself in two days later.

[4] As a result of this incident, the State charged O'Neal with four offenses, including the aggravated battery charge that is the subject of this appeal. On the State's motion, the trial court dismissed one of the charges, and a jury trial was held on the remainder. The jury found O'Neal guilty as charged, and he was sentenced to an aggregate executed sentence of two years. This appeal ensued.

[5] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015).

[6] In order to obtain a conviction for aggravated battery in this case, the State must have proved beyond a reasonable doubt that (1) O'Neal (2) knowingly (3) inflicted injury (4) on Officer Hines (5) causing protracted loss or impairment of a bodily member or organ. *See* Appellant's App. Vol. 2, p. 148; *see also* Ind.

Code § 35-42-2-1.5(2). O'Neal challenges the State's evidence that his actions giving rise to the aggravated battery conviction were done knowingly.

[7] "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code §35-41-2-2(b) (1977). Because knowledge is the mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of the case. *Wilson v. State*, 835 N.E.2d 1044 (Ind. Ct. App. 2005), *trans. denied*. Thus, the trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the defendant's conduct and the natural consequences of what might be expected from that conduct, a showing or inference of the intent to commit that conduct exists. *Lush v. State*, 783 N.E.2d 1191 (Ind. Ct. App. 2003).

[8] Here, there was ample evidence that O'Neal acted knowingly. The record demonstrates that O'Neal refused to exit his car when asked repeatedly by Officer Hines to do so. When Hines attempted to assist O'Neal from the vehicle, O'Neal put the vehicle in drive, accelerated, and swerved toward Hines. In order to avoid being run over, Hines had to jump onto the doorframe of the vehicle as it was moving toward him. As Officer Hines clung to the doorframe of the driver's side of the vehicle, O'Neal continued to accelerate and did not slow down or stop at the sight of oncoming traffic. When it appeared that O'Neal was going to collide with an oncoming vehicle, Hines released his hold because, "given the rate of speed and the fact that Mr. O'Neal was not stopping," he was "pretty sure it wasn't going to end well" for him. Tr.

Vol. 1, p. 96. Hines hit the pavement and "went tumbling down the street a little bit." *Id.* at 94. He immediately felt pain in his right forearm, and, when he looked at his arm, he could see the bone broken underneath the skin. Moreover, the jury was able to view video footage from the officers' body cameras as the scene unfolded. Given this evidence, a reasonable jury could have found, beyond a reasonable doubt, that O'Neal was aware of a high probability that his conduct would inflict injury upon Officer Hines, including the protracted loss or impairment of Hines' right arm.

[9] O'Neal claims that he did not know Officer Hines was holding onto his vehicle as he fled the scene and that his conduct was reckless at best. The jury was free to disregard this self-serving testimony. *See Fultz v. State*, 849 N.E.2d 616, 623 (Ind. Ct. App. 2006) ("It was entirely within the jury's province to disregard Fultz's self-serving testimony"), *trans. denied* (2007). And on appeal O'Neal is inviting us to reweigh the evidence, which we cannot do. *See Sandleben*, 29 N.E.3d 126. There was sufficient evidence to establish that O'Neal knowingly inflicted injury upon Officer Hines.

[10] Judgment affirmed.

Najam, J., and Altice, J., concur.