## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson Agostino & Keller PC
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Glenn D. McDonald, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 15, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-530 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable Jenny Pitts Manier, <br> Judge <br><br> The Honorable Julie Verheye, <br> Magistrate <br><br> Trial Court Cause No. <br> 71D05-1906-CM-2206 |

**Barteau, Senior Judge.**

# Statement of the Case

Glenn McDonald appeals his conviction of conversion, a Class A misdemeanor.[1] We affirm.

# Issue

McDonald presents one issue for our review: whether the evidence was sufficient to sustain his conviction.

# Facts and Procedural History

In April 2019, McDonald was seen on surveillance cameras concealing merchandise in his jacket at a TJ Maxx store and then leaving the store without purchasing the merchandise. Matt Wynn, the store's loss prevention officer, approached McDonald after he had exited the store. Although Wynn identified himself and asked McDonald to return to the store, McDonald continued to his car and drove away. Wynn was able to get the license plate number of the car and give it to the police so they could identify him.

Based upon this incident, McDonald was charged with conversion. At a bench trial, the court found him guilty and sentenced him to ninety days, all suspended, with 365 days of probation during which he was to perform 30 hours of community service. McDonald now appeals his conviction.

---

[1] Ind. Code § 35-43-4-3 (2014).

# Discussion and Decision

[5] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[6] McDonald was charged under Indiana Code section 35-43-4-3(a), which provides that a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion. McDonald asserts that his conviction cannot stand because "there is no evidence [he] exerted any control over the property of TJ Maxx" as "there was no proof that [he] carried any property belonging to TJ Maxx out of the store." Appellant's Br. p. 6.

[7] Wynn testified at trial that he was in his office watching the store's surveillance cameras when McDonald was shopping in the store. McDonald's presence caught his attention because he recognized McDonald as having been involved in something in the store a few days prior. Wynn testified that he watched the cameras as McDonald went to the infants department and began removing clothes from the hangers. McDonald then went to a different department

before returning to the infants area where he again removed clothes from the hangers. As Wynn continued watching him, McDonald concealed the clothing in his jacket and made no attempt to pay for the items. Wynn testified that he left his office and approached McDonald after he had exited the store. He identified himself and asked McDonald to return to the store, but McDonald just looked at him and then continued walking to his car. McDonald got in his car and left. Wynn also testified that he did not recall McDonald or his two companions having any bags when they left the store.

[8] Additionally, the parties stipulated to the admission of Exhibit 1, which is a disc containing video from the store surveillance cameras. The video was shown at trial, and it depicts McDonald, a female, and two young males entering the store. The group first looks at rugs before McDonald, the female, and one of the males go to the infants department and begin looking at clothes hanging on the top row of a double hanging rack. McDonald removes some clothes from the hangers, looks around, and places the clothes somewhere below the top row of the hanging rack. The view of the camera below the top hanging rack was obstructed by a store display, but when McDonald brings his hands back into view, they are empty. The three then go to the men's department and look at items there. They return to the infants department where McDonald removes another outfit from its hanger. He then takes the hanging clothes on either side of the now empty hanger and pulls them toward the empty hanger. After first quickly looking over his shoulder, he stuffs the clothes into his jacket. He and

his companions then walk down the main aisle of the store, stopping briefly to look at something before exiting.

[9] Indiana Code section 35-43-4-1(a) (1991) defines "exert control over property" as "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property." Subsection (b) states, in part, "a person's control over property of another person is 'unauthorized' if it is exerted . . . without the other person's consent . . . [or] in a manner or to an extent other than that to which the other person has consented." The evidence most favorable to the judgment here shows that McDonald exerted unauthorized control over the property of TJ Maxx when he possessed and concealed the infant clothing inside his jacket in a manner not authorized by TJ Maxx and then exited the store, passing all points of checkout without attempting to pay for the items.

## Conclusion

[10] The evidence is sufficient to support the trial court's conclusion that McDonald knowingly or intentionally exerted unauthorized control over the property of TJ Maxx.

[11] Affirmed.

Bailey, J., and Tavitas, J., concur.