


FILED

Oct 02 2024, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Alex Jordon Lyons,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 2, 2024

Court of Appeals Case No.
23A-CR-2958

Appeal from the
Tippecanoe Superior Court

The Honorable
Randy J. Williams, Judge

The Honorable
Sarah M. Wyatt, Magistrate

**Opinion by Senior Judge Baker**
Judges Brown and Tavitas concur.

**Baker, Senior Judge.**

## Statement of the Case

Alex Lyons appeals his adjudication as an habitual offender, contending the evidence was insufficient. We find the evidence sufficient and affirm.

## Facts and Procedural History

In 2023, while in jail, Lyons punched a corrections officer. The State charged him with battery as a Level 5 felony and alleged he is an habitual offender. A jury found Lyons guilty of battery, and he agreed to a bench trial on the habitual offender enhancement. The trial court determined the State proved Lyons is an habitual offender. Lyons now appeals.

## Discussion and Decision

When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative

value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[4] To adjudicate Lyons an habitual offender, the State had to prove beyond a reasonable doubt that he had been convicted of two prior unrelated felonies, at least one of the prior felonies is not a Level 6 or Class D felony, and not more than ten years have elapsed between the time he was released from imprisonment, probation, or parole for at least one of the two prior felonies and the time he committed the current offense. *See* Ind. Code § 35-50-2-8(c) (2017); *see also* Appellant's App. Vol. 2, p. 10.

[5] Here, Lyons alleges the State's evidence was insufficient as to only one of the two prior convictions. With regard to that conviction, he contends the State's identity evidence was insufficient to prove beyond a reasonable doubt that he was the offender.

[6] To adjudicate a defendant an habitual offender, the State must sufficiently connect the defendant to the prior felony convictions alleged in the information. The prior conviction at issue here is for Level 6 felony criminal trespass under the cause number of 79D05-2009-F6-1005. Lyons claims the State's evidence should have included a photo, DNA evidence, fingerprints, or live testimony in addition to the certified court records it presented containing the full name, date of birth, and driver's license number of the offender.

[7]     Concerning the proof utilized to connect a particular defendant to a prior conviction, our courts have stated that

> [c]ertified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies.  However, there must be supporting evidence to identify the defendant as the person named in the documents.  This proof of identity may be in the form of circumstantial evidence.  If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was [the] defendant who was convicted of the prior felony, then a sufficient connection has been shown.

*Payne v. State*, 96 N.E.3d 606, 611-12 (Ind. Ct. App.) (internal citations and quotations omitted), *trans. granted*, 102 N.E.3d 287, *and trans. vacated*, 99 N.E.3d 624 (Ind. 2018).

[8]     To establish the prior conviction of criminal trespass in F6-1005 at issue here, the State presented Exhibit 5, which the court admitted into evidence.  Exhibit 5 consists of several documents, including certified copies of the charging information, affidavit of probable cause, arrest report, and police department incident report suspect list, all of which contain the name of Alex Jordon Lyons with a date of birth of 1/23/2000 and an Indiana driver's license number of 9370-08-0588.  *See* Ex. Vol. 1, pp. 10-13, 16.  Also included in Exhibit 5 are certified copies of the plea agreement and the abstract of judgment for F6-1005, which contain the name of Alex Lyons and Alex Jordon Lyons, respectively.  *See id.* at 20-27.

[9] With regard to the prior conviction of attempted robbery in cause number 79D01-2103-F5-52, which Lyons does not challenge in this appeal, the State presented Exhibit 6 containing certified copies of the charging information and affidavit of probable cause that contain the name Alex Jordon Lyons, a date of birth of 1/23/2000, and an Indiana driver's license number of 9370-08-0588. *See id.* at 29-32. Exhibit 6 also contains certified copies of the plea agreement, order on plea hearing, and sentencing order under that cause number and bearing the name Alex Lyons or Alex Jordon Lyons. *See id.* at 34-46. Exhibit 6 was admitted into evidence. In addition, the State presented supporting testimony from Corrections Officer Kade Osborn, who is the victim of the battery in the present case. Osborn testified that at the time Lyons battered him, Lyons was being held on the charges in cause F5-52. Tr. Vol. 2, p. 126.

[10] The State provided additional evidence by incorporating, without objection by Lyons, all the evidence from the first phase of the trial. In his testimony at trial, Officer Osborn identified Lyons in court as being the Alex Jordon Lyons that assaulted him and identified his date of birth as 1/23/2000. *Id.* at 83, 87, 97. He also affirmed that Lyons' Indiana driver's license number is 9370-08-0588. *Id.* at 88.

[11] In summary, Officer Osborn identified Lyons both physically and by cause number F5-52 as the same Alex Jordon Lyons convicted of that attempted robbery. The documents from cause F5-52 identify Lyons with the birth date of 1/23/2000 and Indiana driver's license number of 9370-08-0588, and Officer Osborn confirmed this data in his testimony. The documents of Exhibit 5 for

cause F6-1005 contain identical data. We therefore conclude the State demonstrated a sufficient connection between the documents in Exhibit 5 and Lyons to yield a logical reasonable inference from which the trier of fact could determine it was Lyons who was convicted of criminal trespass in F6-1005.

## Conclusion

[12] In light of the foregoing, we conclude the State presented evidence sufficient to sustain Lyons' adjudication as an habitual offender.

[13] Affirmed.

Brown, J., and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana